CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 12 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO GUZMAN-PLATON,<br><br>*Defendant.* | CRIM. NO. 3:05CR00043<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to for a hearing pursuant to *Franks v. Delaware*, filed on May 1, 2006. For the reasons stated in this Opinion, this motion must be denied.

I.

Police received information from a confidential informant that led to the issuance of a search warrant for a house in Albemarle County and the subsequent arrest of the two defendants in this case. The affidavit in support of the search warrant states that a reliable confidential source of information ("CSI") had bought methamphetamine at the house in question within the past 72 hours and had seen methamphetamine sold there numerous times in the past three months. The affidavit also stated that the CSI's credibility could be determined from the fact that he was known to police and provided information leading to arrests and the discovery of contraband in the 1990s; another officer told the affiant that the CSI has provided information to

1

him within the past 48 hours that he had corroborated through other reliable informants; the CSI was familiar with how methamphetamine is bought, packaged, and sold in central Virginia; and the CSI had made statements regarding the illegal distribution of methamphetamine within the past 48 hours that were against his penal interest and for which he has received no promises of immunity.

Defendant argues that he is entitled to a hearing under *Franks v. Delaware* because the affidavit omitted material facts and information that negatively impacted the CSI's credibility. Specifically, the affidavit does not disclose that the CSI gave the police information at 2:30 am after police had found approximately 26 grams of methamphetamine in his house and he had been arrested on drug charges. Further, the CSI was unable or unwilling to name any of the people he saw buying or selling methamphetamine at the house described above. Defendant also argues that the CSI's statements to police were not in fact against his penal interest if he believed that he could help himself by providing information to the police.

## II

The Fourth Circuit has articulated a two part threshold test for determining whether to grant an evidentiary hearing under *Franks v. Delaware*. A *Franks* hearing is warranted if: (1) the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a warrant affidavit, and (2) the defendant shows that the false information was essential to the probable cause determination. *U.S. v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990); *Simmons v. Poe*, 47 F.3d 1370, 1383 (4th Cir. 1995). With regard to the first prong, the Fourth Circuit has held that *Franks* requires defendants "to allege more than 'intentional' omission in the weak sense." *Id.* The

2

failure of the affiant to list every conceivable conclusion does not taint the warrant's validity. *Colkley*, 899 F.2d at 301 (quoting *U.S. v. Burnes*, 816 F.2d 1354, 1358 (9th Cir. 1987)). Hence, a defendant must make some affirmative showing that the omission at issue was the result of a deliberate falsehood or of reckless disregard for the truth. *Colkley*, 899 F.2d at 301. "The defendant's burden is a heavy one," and in seeking an evidentiary hearing he must not only allege the affiant's deliberate falsehood or reckless disregard for the truth but must accompany those allegations with an offer of proof. *U.S. v. Jeffus*, 22 F.3d 554, 558 (4th Cir. 1994) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). The Fourth Circuit has also discouraged inferring bad motive from the mere fact of the omission alone, as such an inference collapses the two prongs of the *Franks* inquiry. *Colkley*, 899 F.2d at 301.

Here, Defendant has failed to allege that either a deliberate intent to mislead or a reckless disregard for the truth prompted the omission. He states only that the undisclosed information "negatively impact[s] the credibility of the CSI," Def.'s Mot., at ¶ 6, that the omitted facts were material, and that the affidavit "may contain material misstatements of fact." *Id.* at ¶ 12. Nowhere does Defendant allege that the affiant acted either intentionally or recklessly in omitting these facts, nor does he offer any proof that might support such allegations. The Court therefore concludes that he has failed to meet the first prong of the threshold test articulated in *Colkley* and thus is not entitled to an evidentiary hearing under *Franks*.

Although this failure alone is enough to dispose of Defendant's motion, the Court also has grave doubts whether Defendant could have met the second prong of the threshold test under the facts alleged. The Fourth Circuit has repeatedly held that it is not enough for the omitted information to be relevant to the existence of probable cause. Rather, "it must be necessary to the

finding of probable cause." *Simmons*, 47 F.3d at 1384. That is, if the omitted information were included in the affidavit, it would defeat probable cause; information that is potentially relevant but not dispositive is not enough to warrant a *Franks* hearing. *Id.* (citing *Colkley*, 899 F.2d at 301). Here, it is not clear that the facts omitted from the affidavit would so damage the CSI's reliability, given the totality of the circumstances, as to defeat probable cause.

For the foregoing reasons, Defendant's motion for an evidentiary hearing under *Franks v. Delaware* must be denied.

An appropriate order shall issue this day.

ENTERED: _____
U.S. District Judge

5/12/06
Date